**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **5:06-CR-43 (WDO)** |
| **TIMOTHY KING, JR.,** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

**ORDER**

Defendant Timothy King, Jr. is presently charged in one (1) count of distribution of more than fifty (50) grams of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(A)(iii). Defendant entered a plea of not guilty to this charge. The case is now before the Court on the Government's motions pursuant to Rule 404(b) based on: (1) on December 3, 2003, Defendant was found in possession of crack cocaine; (2) on November 12, 2003, Defendant sold less than a gram of crack cocaine to an informant; (3) on November 19, 2003, Defendant sold less than a gram of crack cocaine to an informant and (4) on December 9, 2004, in the Superior Court of Houston County, Defendant entered a plea of guilty to VGCSA (cocaine). The Government contends Defendant was interviewed following each of these offenses and confessed to them all. The Government contends these offenses are relevant to show Defendant's intent to commit the drug trafficking offense charged in the instant indictment.

Pursuant to Rule 404(b)

1

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Eleventh Circuit has established three prongs that must be analyzed when the Government intends to introduce 404(b) prior bad act evidence. "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Delgado, 56 F.3d 1357, 1356 (11th Cir. 1995) (citation omitted). A "defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the Government to prove intent; the Government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Id. "The relevance of other crimes evidence to intent is determined by comparing the defendant's state of mind in committing both the extrinsic and charged offenses. Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (citing Delgado).

Defendant King's prior extrinsic acts clearly fall within the parameters of Federal

Rule of Evidence 404(b). This evidence would tend to show his motive, intent, knowledge and lack of any mistake to engage in the acts of trafficking in cocaine as charged in this case. As required by Rule 404(b), the Government provided the Defendant more than reasonable notice in advance of trial of the evidence it intends to introduce at trial. The Government also satisfied the three prongs set forth above by showing (1) the evidence of the prior acts will be relevant to an issue other than the Defendant's character, (2) the prior acts are established by sufficient proof to permit a jury to find Defendant committed the extrinsic acts based on the documentary and testimonial evidence expected at trial and (3) the probative value of the evidence outweighs any possible prejudice to Defendant, based on the Government's burden to prove the Defendant's identity and his intent to commit the crimes alleged in the indictment due to Defendant's "not guilty" plea having made his intent a material issue in the case. Finally, comparing the Defendant's state of mind in committing both the extrinsic and charged offenses, the state of mind required for both offenses is identical. Based on the foregoing, the Government's 404(b) motions are GRANTED.


**SO ORDERED this 17th day of July, 2007.**


**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**